**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SOUTHERN STAR CENTRAL GAS ) <br> PIPELINE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPROXIMATELY 842 MINERAL AND ) <br> LEASEHOLD ACRES OF LAND IN ) <br> ANDERSON COUNTY, KANSAS ROGER M. ) <br> KENT, et al., ) <br> ) <br> Defendant. ) <br> ) | **CIVIL ACTION** <br><br> No. 08-1313-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff Southern Star Central Gas Pipeline, Inc.'s ("Southern Star") first motion in limine (Doc. 82) and memoranda in support (Docs. 83) and defendant Roger Kent's response (Doc. 84). The motion has been fully briefed and is ripe for decision. For the reasons stated more fully below, Southern Star's motion is denied, without prejudice.

First, Southern Star moves to exclude all testimony and evidence regarding eight Southern Star lease purchases. Southern Star contends that the eight lease purchases were made under threat of condemnation, i.e. were not made voluntarily and without compulsion. Additionally, three of the eight leases, Baker, Henkle, and Rayl, were too remote in time to be comparable to the leases in issue.

Kent's expert, Mr. Marc Vianello, has opined that the sellers sold their leases under the threat of condemnation and were not necessarily voluntary. (Doc. 83 at 4). Mr. Vianello went on to state that the eight leases were "discounted at least to some extent" and

not a fair representation of fair market value. (Vianello's expert rpt., p. 8).

Based on an admittedly limited review, it appears that Kansas case law regarding condemnation is one of generalities, as opposed to fixed rules. For example, the <u>general</u> rule in Kansas is that the purchase price of property sold under threat of condemnation is not admissible in evidence as comparable sales. <u>Matter of Condemnation of Land for Controlled Access Highway Purposes</u>, 219 Kan. 320, 329, 548 P.2d 756, 764 (1976).

> The purchase price of property which is subject to condemnation and is transferred by deed is not admissible in evidence. (<u>Searcy v. State Highway Comm.</u>, 145 Kan. 709, 67 P.2d 534. (1937)) Such a transaction is not an arm's-length sale between parties since the threat of condemnation affects the price required to be paid. There is no assurance the transaction is a sale between a "willing buyer" and a "willing seller." The trial court did not err in excluding the right of cross-examination to the extent requested by the city.

<u>Id.</u> However, the power of eminent domain does not lead invariably to an inflated purchase price. <u>Mooney v. City of Overland Park</u>, 283 Kan. 617, 620, 153 P.3d 1252, 1255 (2007). Finally, when a lawyer screws up and questions an expert on direct examination about a " threat of condemnation" sale, it is not error to allow cross-examination regarding the sale, nor can the lawyer later seek to strike the testimony elicited on cross-examination. <u>Ridglea, Inc. v. Unified School Dist. No. 305, Saline County</u>, 206 Kan. 111, 116, 476 P.2d 601, 605 (1970).

Kent responds that he does not plan to use evidence of the eight lease purchases for purposes of determining market value. Instead, he plans to use the evidence as to weight and credibility of the

experts' opinions. Additionally, Kent contends that the evidence will be used in explaining how Mr. Vainello determined what methodology to use in valuing the leases in issue. The court's problem is that Kent does not clearly explain how he intends to use the evidence on issues of weight and credibility.

The court has not seen the supplemental expert reports reflecting the September 21 date of taking. The evidence may, or may not, be relevant as background information as to why an expert chose the methods of valuation he did. Therefore, the court will take this motion in limine up at trial outside the presence of the jury. "If the admissibility of certain evidence turns upon what facts are developed at trial, it is the better practice to wait until trial to decide the objections." Deghand v. Wal-Mart Stores, Inc., 980 F. Supp. 1176, 1179-80 (D. Kan. 1997).

Second, Southern Star moves to exclude testimony and evidence regarding its good faith deposit into court on October 17, 2008. Again, Kent responds that he does not plan to use evidence of the deposit for determining value of the leases in issue, but as to credibility. The court does note Kent's observation that when Southern Star made the deposit, it allegedly said it was a "good faith estimate of the value of the interests being condemned." (Doc. 84 at 9). This might well be an admission under Fed. R. Evid. 801(d)(2), at least insofar as the value as of the date of the deposit.

For the same reasons as discussed supra, the court will also consider this motion in limine at trial outside the presence of the jury. For both motions, the parties may submit proposed instructions and request a limiting instruction if necessary.

For the reasons stated herein, Southern Star's first motion in limine (Doc. 83) is denied, without prejudice.

IT IS SO ORDERED.

Dated this  18th  day of June 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE