**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SOUTHERN STAR CENTRAL GAS PIPELINE, INC., | ) ) ) | |
| Plaintiff, | ) ) | **CIVIL ACTION** |
| v. | ) ) | No. 08-1313 |
| APPROXIMATELY 842 MINERAL AND LEASEHOLD ACRES OF LAND IN ANDERSON COUNTY, KANSAS, ROGER M. KENT, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Roger Kent's motion requesting leave to serve a rebuttal expert disclosure. (Doc. 108). The motion is ripe and is ready for decision. (Docs. 109, 143, 149). For the reasons contained herein, Kent's motion is denied.

**I. BACKGROUND**

The parties filed their initial expert disclosures and reports on November 9, 2009. Southern Star served the report of Bert Smith titled in part "Remedial Recommendations And Costs." (Doc. 143 at 2). Southern Star also responded "yes" to Kent's Interrogatory asking it "to state whether it: 'contend[s] that the value of the [Kent leases] is affected or diminished by: (a) environmental damage or conditions ....'" (Doc. 143 at 2). In other words, the issue of environmental damage has been in the case for a long time.

On March 16, 2010, the court determined the date of taking to be the first day of trial, September 21, 2010. (Doc. 79). The parties were given leave to supplement their expert disclosures and reports

by June 15, 2010.

On April 26, 2010, Kent received notice from the Kansas Corporation Commission (KCC) by letter dated April 22, 2010, regarding remediation of evaporation pits. Kent received information that the KCC letter was prompted by a complaint from Southern Star. Kent asserts that he has had numerous contacts with the KCC to discuss the matter, but the two parties have been unable to schedule a meeting or otherwise reach a final agreement.

On June 15, 2010, Kent served a supplemental updated valuation from his expert, Marc Vianello. At no point had Kent provided an expert disclosure regarding the cost of remediation. Kent now moves for leave to serve a <u>rebuttal</u> expert disclosure on remediation. Presumably the expert is Thomas Hansen, whose July 20, 2010 letter is attached to Kent's reply. (Doc. 144, exh. B). Hansen states that the estimated clean-up costs on the Summers and Unit 3 leases are $25,039 or perhaps less depending on what the KCC requires to be cleaned up.

Southern Star opposes Kent's request.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(C) provides:

> Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C).

The court finds that Kent's request for leave to serve a rebuttal expert report is untimely. Kent's request for a rebuttal expert was not made within 30 days of Southern Star's expert report regarding remediation filed on November 9, 2009. Kent did use the June 15, 2010, deadline to update his valuation expert's report, but not on the issue of remediation. It is not clear whether Vianello has never had an opinion on remediation or whether he is not qualified to give such an opinion.

Furthermore, the court finds that the KCC letter does not justify leave in this case.

> "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." (Citations omitted). A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. (Citations omitted). Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

After consideration of the four factors, the court finds that Southern Star will be prejudiced should Kent be granted leave. At no time prior to June 15, 2010, has Kent sought out a rebuttal expert, or any expert, to address the issue of remediation. There are less than 60 days before the September 21, 2010, trial date, a date agreed upon by the parties and firmly fixed by the court. There would be little time, if any, for Southern Star to prepare for a late rebuttal expert.

This case presents unique circumstances.  The experts' opinions are expressly written to focus on the September 21, 2010, trial date.  Presumably they have been, or soon will be, deposed regarding their opinions.  Assuming, but not deciding, that the Hansen letter amounts to an expert report, it is possible that it might alter the opinions of the other experts, thus mandating additional discovery.  Moreover, Hansen's estimate is not final, but rather is contingent on action by the KCC.  There is no telling when the KCC will do anything, much less what it may do.  Then there is the matter of whether remediation work can even be considered.  Kent says he will raise that issue by a motion in limine.  The court has no present opinion on the issue but if the court ends up agreeing with Kent, the issue is moot.  If the court does not agree, the ruling will come too late for Southern Star to effectively deal with Hansen's (or some other expert's) opinion.

Kent's motion for leave is untimely and is not justified or harmless under the facts in this case.

## III. CONCLUSION

For the reasons stated more fully herein, Kent's motion for leave to serve a rebuttal expert disclosure (Doc. 108) is denied.

IT IS SO ORDERED.

Dated this  26th  day of July 2010, at Wichita, Kansas.

>
> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE

-4-