**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SOUTHERN STAR CENTRAL GAS PIPELINE, INC., ) )  ) Plaintiff, ) ) v. ) ) APPROXIMATELY 842 MINERAL AND ) LEASEHOLD ACRES OF LAND IN ) ANDERSON COUNTY, KANSAS ROGER M. ) KENT, ET AL., ) ) Defendants. ) ) | **CIVIL ACTION** No. 08-1313 |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Roger Kent's trial motion in limine (Doc. 166) and memorandum in support (Doc. 167). The motion has been fully briefed and is ripe for decision. (Docs. 182, 184). For the reasons stated more fully herein, Kent's motion is denied.

Kent moves to exclude testimony and evidence relating to current costs of unknown future liabilities for environmental remediation and well plugging pursuant to Federal Rules of Evidence 401, 402, and 403. Kent claims that current costs of environmental remediation and well plugging are not relevant to the highest and best use of the property, i.e. continued oil production and a secondary waterflood project. Additionally, Kent asserts that evidence of current costs for future liabilities are speculative because at the present time, the KCC has issued no violations on Kent's leases and Kent's wells have not ceased production.

Southern Star counters that "use of the property for both oil

production and for grazing or agricultural purposes is so 'reasonably probable' that it would motivate a prospective buyer." (Doc. 182 at 3). Additionally, Southern Star disagrees with Kent's position regarding the need for plugging certain wells on the six leases at issue.

The court agrees with Southern Star's position that the "parties ... may assert their own theories as to the highest and best use of the condemned property[.]" (Doc. 182 at 3). It is up to the jury to decide the highest and best use. Additionally, Southern Star points out that active oil and gas leases may exist at the same time the surface is used for farming and/or grazing.

Both parties' experts have taken into account future costs for environmental remediation and well plugging in their valuation methods, albeit in different ways. Kent's expert treated future liabilities as future risk and expense which he incorporated into the discounted net flow valuation method whereas Southern Star's expert considered environmental remediation and well plugging to be current costs that must be accounted for at the date of taking. Absent some controlling blanket rule barring evidence of remediation and well plugging from the determination of fair market value, and Kansas appears to have no such rule, the remediation evidence may or may not be relevant depending on the experts' opinions. See Willsey v. Kansas City Power & Light Co., 6 Kan. App. 2d 599, 616, 631 P.2d 268, 281 (Kan. Ct. App. 1981) (noting that the expert's testimony that "the easement would make it more expensive and a potential buyer-developer would take that into account in determining the amount he would be willing to pay for it" was not speculative but one factor affecting

the expert's opinion of market value); City of Olathe v. Stott, 253 Kan. 687, 689, 861 P.2d 1287, 1290 (1993) (holding that evidence of contamination was admissible).

The jury will make the decision as to the highest and best use of the leases being condemned based on the court's instructions. Likewise, it will need determine which wells, if any, require plugging at the date of taking in accordance with K.S.A. 55-179 and K.A.R. 82-3-111. The jury will have to consider the experts' testimony and determine which expert is more credible. Thus, at this point, without knowing everything the experts' will opine the court will not preempt all testimony and evidence of environmental remediation and liability for well plugging.[1]

Kent's trial motion in limine (Doc. 166) is denied. The parties may renew their objections at trial. Jury instructions will need to be detailed and specific in this regard as to how to consider evidence, if any, regarding current costs of future environmental remediation and liability for well plugging.

IT IS SO ORDERED.

Dated this  13th  day of September 2010, at Wichita, Kansas.

                                          s/ Monti Belot
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE

---

[1] It is obvious that this case will be a "battle of the experts." For example, when William Johnson, Southern Star's expert, was asked at his deposition about the opinions of Kent's experts, he testified that portions of McCune's opinions are "preposterous" and that Vianello's report is "completely bogus" and "absurd." The court assumes that McCune and Vianello may have similar views of Johnson's opinions.