# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

SOUTHERN STAR CENTRAL GAS )
PIPELINE, INC., )
                         )
              Plaintiff, )   **CIVIL ACTION**
                         )
v.                       )   No. 08-1313
                         )
APPROXIMATELY 842 MINERAL AND )
LEASEHOLD ACRES OF LAND IN   )
ANDERSON COUNTY, KANSAS, ROGER M. )
KENT, ET AL.,            )
                         )
              Defendants. )
                         )

## **MEMORANDUM AND ORDER**

Before the court is plaintiff Southern Star Central Gas Pipeline, Inc.'s ("Southern Star") fourth motion in limine. (Doc. 170). The matter has been fully briefed and is ripe for decision. (Docs. 171, 183, 187). Southern Star's motion is essentially a renewal of it's first motion in limine (Doc. 82), which the court denied without prejudice in Memorandum and Order dated June 18, 2010. (Doc. 110). For the reasons stated more fully herein, Southern Star's motion is granted in part and denied in part.

Southern Star moves to exclude all testimony and evidence regarding eight Southern Star lease purchases detailed in Tab D of Kent's expert Marc Vianello's report. Southern Star contends that the eight lease purchases are irrelevant because they were made under threat of condemnation, i.e. were not made voluntarily and without compulsion. Additionally, the eight lease sales are too remote in time to be comparable to the September 21, 2010, date of taking the leases in the present case.

In determining whether to admit comparable sales evidence, courts consider "'whether the sale was bona fide, voluntary, not too remote in point of time, and if the conditions of the property and surrounding area were sufficiently similar to those on the date of the taking [of the condemned property].'" Mooney v. City of Overland Park, 283 Kan. 617, 619, 153 P.3d 1252, 1254 (2007). The general rule in Kansas is that the purchase price of property sold under threat of condemnation is not admissible in evidence as comparable sales. Matter of Condemnation of Land for Controlled Access Highway Purposes, 219 Kan. 320, 329, 548 P.2d 756, 764 (1976).

> The purchase price of property which is subject to condemnation and is transferred by deed is not admissible in evidence. (Searcy v. State Highway Comm., 145 Kan. 709, 67 P.2d 534. (1937)) Such a transaction is not an arm's-length sale between parties since the threat of condemnation affects the price required to be paid. There is no assurance the transaction is a sale between a "willing buyer" and a "willing seller." The trial court did not err in excluding the right of cross-examination to the extent requested by the city.

Id. However, the power of eminent domain does not lead invariably to an inflated purchase price. Mooney, 153 P.3d at 1255.

Vianello testified at his deposition that the eight leases do not represent fair market value of Kent's leases. (Doc. 171 at 3). Vianello considers the purchase price of the eight leases to be a "floor value" when valuing Kent's leases. Clearly, the eight leases are not comparable sales that are admissible for fair market value of Kent's leases. But the parties agree on this point.

Kent responds that he does not plan to use evidence of the eight lease purchases for purposes of determining market value. Kent asserts that the evidence will be used in explaining how Vianello

determined that the discounted cash flow method was best to use in valuing Kent's leases.

Vianello may testify as to his methods and reasoning for determining the fair market value of Kent's leases. Testimony that Vianello investigated and determined that the eight lease purchases were not comparable, which required him to utilize a different valuation method, is appropriate for the jury to consider in weighing Vianello's opinion. However, the court agrees with Southern Star that the exact dollar figure of the eight lease purchases is not relevant. (Doc. 187 at 2). Testimony of a "floor value" from dissimilar lease purchases is not appropriate for the jury to consider when determining the fair market value of Kent's leases.

Southern Star's fourth motion in limine (Doc. 170) is granted in part and denied in part. The parties may propose limiting instructions on this matter and renew their objections trial.

IT IS SO ORDERED.

Dated this __14th__ day of September 2010, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE